# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

KEVIN TAYLOR,

        Petitioner,

v.                                                                            Case No. 10-CV-358

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On March 2, 2007, this court sentenced petitioner Kevin Taylor ("Taylor") to a prison term of 262 months and five years of supervised release after Taylor pled guilty to one count of conspiracy to distribute 50 grams or more of cocaine base, five kilograms or more of cocaine, and marijuana. Taylor then appealed to the Seventh Circuit Court of Appeals which affirmed his conviction and sentence on December 5, 2007. *United States v. Taylor*, Case No. 07-1641 (7th Cir. 2007). On appeal, Taylor preserved for further review the argument that his sentence was unreasonable because the Seventh Circuit's precedent prevented the district court from considering the sentencing disparity between crack and powder cocaine. *Id.*[1] Taylor proceeded to file a petition for certiorari in the United States Supreme Court

___

[1] At the time the appeal was decided, *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558 (2007) was still pending in the Supreme Court. Taylor argued that the questions raised in *Kimbrough* generally addressed the reasonableness of the crack versus powder cocaine disparity and that the *Kimbrough* opinion may affect his sentencing. When *Kimbrough* was decided, the Court concluded that because the cocaine sentencing guidelines, like all other guidelines, were advisory only, district courts may, but are not required to, consider the crack/powder disparity in fashioning an appropriate sentence. *Id.*

on February 28, 2008. The United States Supreme Court granted Taylor certiorari and remanded his case to the Seventh Circuit for further consideration in light of its ruling in *Kimbrough*.

In the meantime, on November 16, 2007, the government filed a motion in this court, pursuant to Federal Rule of Criminal Procedure 35(b), to reduce Taylor's sentence. (Docket #162).[2][3] On November 6, 2008, the matter came before district court for a Rule 35 hearing. At the request of the parties, the court adjourned Taylor's hearing because the case was then still pending in the Seventh Circuit following the remand. (Docket #186). Subsequent to the November 6, 2008 court appearance, the parties agreed that the district court, in a Rule 35 hearing, would have the discretion to consider the crack-powder disparity which was at issue in the then-pending Seventh Circuit appeal. (Def.'s Supple. Re-Sent'g Mem. 2). Consequently, on November 20, 2008, Taylor moved to dismiss his appeal. On December 8, 2008, the Seventh Circuit granted the motion and dismissed the appeal. (Docket #187). The district court issued an Amended Judgment on January 20, 2009, reducing Taylor's sentence to 168 months. (Docket #193). Taylor then appealed this sentence to the Seventh Circuit Court of Appeals. On May 21, 2009, Taylor filed a Motion to dismiss his appeal. The Seventh Circuit granted the motion and the appeal was dismissed. (Docket #202).

---

[2] The motion was unrelated to the sentencing disparity between crack and powder cocaine. (Docket #162).

[3] Docket citations refer to Taylor's criminal docket, Case No. 06-CR-041, unless otherwise noted.

-2-

On April 26, 2010, Taylor filed the instant § 2255 petition challenging his federal sentence. (Docket #212; Docket #1).[4] In his petition, Taylor argues that his federal sentence was improperly enhanced because it was based, in part, on a constitutionally invalid prior conviction. (Pet'r's Mem. in Supp. of Mot. 1). Taylor explains that he was sentenced in federal district court as a career offender and that the predicate offenses leading to this career offender status included two prior drug convictions from Milwaukee County Circuit Court. He argues that one of these prior convictions is unconstitutional due to the invalidity of a guilty plea. He states that he is presently contesting the constitutionality of the prior conviction in state court.[5] Taylor requests that the court stay any decision on his present petition until the outcome of a pending state court appeal.

## ANALYSIS

Rule 4 of the Rules Governing § 2255 proceedings requires the court to screen a prisoner's petition to determine whether he states a claim upon which § 2255 relief can be granted. The rule, in relevant part, reads:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading...

---

[4] Docket #1 refers to Taylor's civil docket, Case. No. 10-CV-358.

[5] The petitioner has not provided the court with any documentation regarding his alleged state court litigation.

Rule 4, Rules Governing § 2255 Proceedings. As such, the court will conduct an initial screening of Taylor's motion.

Because of the complicated procedural history of Taylor's case, the court finds it most effective to first verify that the petitioner's claims are not procedurally defaulted. Relief under § 2255 is appropriate if a petitioner can show that there are errors in his conviction or sentence that are "jurisdictional, constitutional, or constitute a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992). If a petitioner has failed to raise a constitutional challenge to an alleged sentencing error on direct appeal, he may not challenge that error in a § 2255 proceeding "without showing cause for his failure to raise the matter on direct appeal and actual prejudice resulting from the error of which the petitioner complains." *Degaglia v. United States,* 7 F.3d 609, 611 (7th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982); Qualls v. United States, 774 F.2d 850, 851 (7th Cir.1985)). The reason for such a rule is straightforward. Petitioner has already had an opportunity to challenge the alleged error on appeal and, given the reliability of the appeals process and "the respect due a final judgment, there must be a valid reason to afford petitioner yet another opportunity to plead his case in federal court." *Id.* at 612.

Here, Taylor argues that there is a constitutional error in his federal sentence – that it was enhanced by a constitutionally invalid state conviction.[6] Though he raises a constitutional challenge to his federal sentence, Taylor failed to raise this argument on either of his two direct appeals to the Seventh Circuit or his petition for certiorari to the United States Supreme Court. Furthermore, in his § 2255 motion, Taylor failed to make a sufficient showing of "cause and prejudice" to overcome that default. Taylor attempts to show cause by explaining that he could not raise this argument during his federal appeals process because he did not have an active appeal in the state court system during that time. (Pet'r's Mem. in Supp. of Mot. 1). Yet, this argument tells the court nothing at all. Taylor gives no explanation for why he could not challenge his state court conviction earlier.[7] Indeed, as best as the court can discern from Taylor's petition and criminal record, Taylor was aware of the fact that the court relied upon a prior conviction at the time it imposed his original and his amended sentence. Absent an explanation for why he was unable to

---

[6] In *Custis v. United States*, 511 U.S. 485 (1994), the Supreme Court stated in dicta that a defendant who was successful in attacking his state conviction in state court may then apply for reopening of any federal sentence enhanced by that state sentence. Furthermore, in *United States v. Tucker*, 404 U.S. 443 (1972), the Supreme Court recognized that relief under § 2255 was appropriate when a petitioner argued his federal sentence was improperly enhanced by a constitutionally invalid state conviction. Therefore, this court notes that so long as petitioner's § 2255 motion is not procedurally defaulted and is timely, we must find that he has stated a claim upon which § 2255 relief can be granted and order the United States Attorney to file an answer or other pleading.

[7] For example, Taylor could have attempted to show cause for his procedural default by arguing ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478 (1986). If his counsel failed to advise him of the possible invalidity of his state court conviction and how it may have affected his federal sentence, Taylor may have a valid ineffective assistance of counsel claim which could entitle him to relief under § 2255. However, Taylor did not assert such an argument or give any other explanation for his failure to raise this alleged constitutional error upon appeal to the Seventh Circuit or for his failure to challenge his state court conviction in the state court system during his federal appeals process.

challenge his state court convictions earlier, as well as why he was unable to raise his current argument on appeal, the court is obliged to find that Taylor's argument in his § 2255 motion is not based upon newly-discovered information. Consequently, Taylor's claim is procedurally defaulted because he failed to raise it on direct review and he has not made a sufficient showing of "cause and prejudice." Before dismissing Taylor's petition, the court will allow the petitioner the opportunity to present any facts and arguments he can muster to make a sufficient showing of "cause and prejudice" to overcome his procedural default. The court will direct the petitioner to submit documentation related to his pending state court litigation so as to demonstrate that he is in fact challenging his state court conviction. If Taylor fails to properly comply with this court's order, the court will dismiss his case without further notice.

Accordingly,

**IT IS ORDERED** that the petitioner **SHOW CAUSE** within **twenty (20) days** from the date of this order why his claim has not been procedurally defaulted,

**IT IS FURTHER ORDERED** that the petitioner submit relevant documentation demonstrating that he has in fact challenged his state court conviction in ongoing state court litigation pertinent to this petition within **twenty (20) days** from the date

of this order; failure to respond to the court's order will lead the court to enter an order dismissing the petition with prejudice.

Dated at Milwaukee, Wisconsin, this 6th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge