# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

KEVIN TAYLOR,

        Petitioner,

v.                                                   Case No. 10-CV-358

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On April 26, 2010, petitioner Kevin Taylor filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 challenging his federal sentence. (Docket #1). On October 6, 2010, the court issued an order (Docket #3) ordering that petitioner Kevin Taylor show cause within twenty (20) days from the date of the order why his claim had not been procedurally defaulted. In the same order, the court requested that petitioner submit relevant documentation demonstrating that he has in fact challenged his state court conviction in ongoing state court litigation pertinent to his petition within twenty (20) days from the date of the order. The order also stated that if petitioner failed to comply with the court's order, the court would enter an order dismissing the petition with prejudice. Taylor has failed to comply with the court's October 6, 2010 order and thus, the court is obliged to dismiss his petition.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, additional argument is not necessary here. Given the record before the court, no reasonable jurist would find it debatable whether this court was correct in its ruling on the present motion. As a consequence, the court must deny a certificate of appealability as to the petitioner's motion.

Accordingly,

**IT IS SO ORDERED** that Taylor's Motion to Vacate, Set Aside, or Correct Sentence (§ 2255) (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner be and the same is hereby **DENIED** a Certificate of Appealability; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**;

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge